**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.:**

LIA RODRIGUEZ,

      Plaintiff,

v.

CERTIVE HEALTH REVENUE SOLUTIONS INC.,
a Arizona For-Profit Corporation,
OMEGA TECHNOLOGY SOLUTIONS INC., a
Florida Subsidiary, and TOM MARREEL,
individually,

      Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, LIA RODRIGUEZ, hereinafter referred to as "RODRIGUEZ" or "Plaintiff", by and through her undersigned counsel, hereby files this complaint against Defendants, CERTIVE HEALTH REVENUE SOLUTIONS INC., an Arizona For-Profit Corporation, hereinafter referred to as "CERTIVE", OMEGA TECHNOLOGY SOLUTIONS INC., a Florida Subsidiary of CERTIVE, hereinafter referred to as "OMEGA" and TOM MARREEL, individually, hereinafter referred to as "MARREEL" collectively referred to as "Defendants", and as grounds alleges:

## JURISDICTION AND VENUE

1. This is an action brought by RODRIGUEZ under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. to recover unpaid wages, liquidated damages, and reasonable attorney's fees and costs from Defendants.

2. At all times material hereto, RODRIGUEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.     At all times material hereto, RODRIGUEZ was employed by CERTIVE, through their subsidiary OMEGA in Miami-Dade County, Florida within the jurisdiction of this Honorable Court.

4.     The Corporate Defendant, CERTIVE, is a Arizona for Profit Corporation who employed RODRIGUEZ through its Florida Subsidiary OMEGA.

5.     The Corporate Defendant, OMEGA, is a Florida Subsidiary authorized to do business in the State of Florida on behalf of CERTIVE.

6.     The individual Defendant, MARREEL, is believed to be a resident of Arizona but was engaged in managing the business of CERTIVE and OMEGA therefore, within the jurisdiction of this Honorable Court.

7.     The individual Defendant, MARREEL, is an employer as defined in 29 U.S.C. § 203(d), as he had operational control over the Corporate Defendant, CERTIVE and OMEGA, and was directly involved in decisions affecting employee compensation.

8.     Jurisdiction over this action is conferred upon this Honorable Court by 28 U.S.C. § 1331 and 29 U.S.C §216(b).

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this district and Defendants conduct business in this district.

**FAIR LABOR STANDARDS ACT COVERAGE**

10.     The Fair Labor Standards Act applies to CERTIVE as CERTIVE had and/or has employees involved in Interstate Commerce and/or handles goods that have moved through Interstate Commerce.

11. The Fair Labor Standards Act applies to OMEGA as OMEGA had and/or has employees involved in Interstate Commerce and/or handles goods that have moved through Interstate Commerce.

12. At all times material hereto, CERTIVE operates an organization providing revenue cycle management services for hospitals, selling and marketing their services to customers throughout the United States and uses goods that are sold and transported across state lines.

13. At all times material hereto, OMEGA operates an organization providing revenue cycle management services for hospitals, selling and marketing their services to customers throughout the United States and uses goods that are sold and transported across state lines.

14. At all times material hereto, CERTIVE obtains and solicits funds from non-Florida sources, uses telephonic transmissions over state lines to do its business, transmits funds outside the State of Florida, accepts Credit Card payments, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

15. At all times material hereto, OMEGA obtains and solicits funds from non-Florida sources, uses telephonic transmissions over state lines to do its business, transmits funds outside the State of Florida, accepts Credit Card payments, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

16. At all times material hereto, CERTIVE's annual gross revenue exceeded $500,000.00 per annum.

17. At all times material hereto, it is believed that OMEGA's annual gross revenue exceeded $500,000.00 per annum.

18. By reason of the foregoing, the Employer, CERTIVE, is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for

commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and/or RODRIGUEZ is within interstate commerce.

19.     By reason of the foregoing, the Employer, OMEGA, is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and/or RODRIGUEZ is within interstate commerce.

**FACTUAL ALLEGATIONS**

20.     RODRIGUEZ was employed by Defendants as a Nurse Auditor in Miami, Florida.

21.     As a Nurse Auditor, RODRIGUEZ was tasked with reviewing medical records and medical bills to look for missing and/or incorrect charges.

22.     In exchange for the work provided by RODRIGUEZ to Defendants, Defendants agreed to compensate RODRIGUEZ with $40.00 per hour for each and every hour worked.

23.     Defendants regularly underpaid RODRIGUEZ with the false promises that they would pay her wages as soon as they received additional funding.

24.     As of the filing of this complaint, RODRIGUEZ is owed unpaid wages for labor performed for the benefit of the Defendants.

25.     Defendants knew or should have known that RODRIGUEZ is owed by wages on the day they are due and their failure to promptly pay her wages is a violation of the Fair Labor Standards Act.

## COUNT I – FAILURE TO MAKE PROMPT PAYMENT – CERTIVE

26.     RODRIGUEZ re-alleges and re-avers paragraphs 1 through 25 as fully set forth herein, as to each Defendant.

27.     The Fair Labor Standards Act, also known as the FLSA, requires that wages be paid timely on the day they are due. 29 U.S.C. § 206(b).

28.     Defendant regularly and habitually failed to pay wages owed to RODRIGUEZ on the regular pay date in violation of 29 U.S.C. § 206(b) resulting in wage violations. As of the filing of this complaint, RODRIGUEZ is owed wages for work provided for the benefit of Defendant.

29.     RODRIGUEZ is entitled to recover liquidated damages for all weeks of unearned wages that have not been paid by Defendant.

30.     Defendant knew and/or showed reckless disregard for the provisions of the FLSA regarding payment of wages to RODRIGUEZ and they intentionally chose not to pay RODRIGUEZ for wages earned.

31.     RODRIGUEZ has retained the offices of the undersigned counsel and is required to pay a reasonable attorney's fees and costs associated with the filing of this action.

**WHEREFORE**, RODRIGUEZ requests compensatory damages, liquidated damages and reasonable attorney fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to proven at the time of trial from Defendants failure to timely pay wages, or as much is allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that RODRIGUEZ does not recover liquidated damages, then RODRIGUEZ will seek an award of prejudgment interest for damages and any and all other relief this Court deems reasonable and just under the circumstances.

## COUNT II – FAILURE TO MAKE PROMPT PAYMENT – OMEGA

32.     RODRIGUEZ re-alleges and re-avers paragraphs 1 through 25 as fully set forth herein, as to each Defendant.

33.     The Fair Labor Standards Act, also known as the FLSA, requires that wages be paid timely on the day they are due. 29 U.S.C. § 206(b).

34.     Defendant regularly and habitually failed to pay wages owed to RODRIGUEZ on the regular pay date in violation of 29 U.S.C. § 206(b) resulting in wage violations. As of the filing of this complaint, RODRIGUEZ is owed wages for work provided for the benefit of Defendant.

35.     RODRIGUEZ is entitled to recover liquidated damages for all weeks of unearned wages that have not been paid by Defendant.

36.     Defendant knew and/or showed reckless disregard for the provisions of the FLSA regarding payment of wages to RODRIGUEZ and they intentionally chose not to pay RODRIGUEZ for wages earned.

37.     RODRIGUEZ has retained the offices of the undersigned counsel and is required to pay a reasonable attorney's fees and costs associated with the filing of this action.

**WHEREFORE**, RODRIGUEZ requests compensatory damages, liquidated damages and reasonable attorney fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to proven at the time of trial from Defendants failure to timely pay wages, or as much is allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that RODRIGUEZ does not recover liquidated damages, then RODRIGUEZ will seek an award of prejudgment interest for damages and any and all other relief this Court deems reasonable and just under the circumstances.

## COUNT III – FAILURE TO MAKE PROMPT PAYMENT – MARREEL

38.     RODRIGUEZ re-alleges and re-avers paragraphs 1 through 25 as fully set forth herein, as to each Defendant.

39.     The Fair Labor Standards Act, also known as the FLSA, requires that wages be paid timely on the day they are due. 29 U.S.C. § 206(b).

40.     Defendant regularly and habitually failed to pay wages owed to RODRIGUEZ on the regular pay date in violation of 29 U.S.C. § 206(b) resulting in wage violations. As of the filing of this complaint, RODRIGUEZ is owed wages for work provided for the benefit of Defendant.

41.     RODRIGUEZ is entitled to recover liquidated damages for all weeks of unearned wages that have not been paid by Defendant.

42.     Defendant knew and/or showed reckless disregard for the provisions of the FLSA regarding payment of wages to RODRIGUEZ and they intentionally chose not to pay RODRIGUEZ for wages earned.

43.     RODRIGUEZ has retained the offices of the undersigned counsel and is required to pay a reasonable attorney's fees and costs associated with the filing of this action.

**WHEREFORE**, RODRIGUEZ requests compensatory damages, liquidated damages and reasonable attorney fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to proven at the time of trial from Defendants failure to timely pay wages, or as much is allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that RODRIGUEZ does not recover liquidated damages, then RODRIGUEZ will seek an award of prejudgment interest for damages and any and all other relief this Court deems reasonable and just under the circumstances.

## JURY DEMAND

Plaintiff, RODRIGUEZ, demands a trial by jury on all issues triable by a jury as a matter of right.

Dated: March 10, 2025

Respectfully submitted,

**DASA LAW**
14100 Palmetto Frontage Road
Suite 370
Miami Lakes, FL 33016
Phone: 888-343-DASA (3272**)**

By: */s/Elee Dammous, Esq.*
Elee Dammous, Esq.
elee@dasa.law
Florida Bar No. 1044043
Attorney for Plaintiff